UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>GOPLAY, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 26-11209-CJP |

**AFFIDAVIT OF ALEX F. MATTERA IN SUPPORT OF
APPLICATION OF DONALD R. LASSMAN, CHAPTER 7 TRUSTEE, FOR
AUTHORITY TO PIERCE ATWOOD LLP AS COUNSEL**

ALEX F. MATTERA, duly sworn, deposes and says:

1.      I am an attorney duly admitted to practice law in the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit, and the United States Supreme Court.

2.      I am a Partner at the law firm of Pierce Atwood LLP ("Pierce Atwood") with offices at 100 Summer Street, 22nd Floor, Boston, Massachusetts 02110.

3.      This Affidavit is submitted in support of the *Application of Donald R. Lassman, Chapter 7 Trustee, for Authority to Retain Pierce Atwood LLP as Counsel* (the "Application").

4.      To the best of my knowledge, formed after reasonable inquiry, neither I nor any other partner, counsel or associate of Pierce Atwood holds any adverse interest to the above-captioned debtor (the "Debtor"), Donald R. Lassman, the chapter 7 trustee of the Debtor (the "Trustee"), any creditor or other party in interest herein, or their respective attorneys, except for the following:

        a.      I and Pierce Atwood represent the Trustee in his capacity as trustee of other chapter 7 or 11 bankruptcy matters wholly unrelated to this matter;

#19676430v1

Pursuant to 11 U.S.C. section 327, Pierce Atwood is a "disinterested person" and I know of no reason why it cannot act as counsel to the Trustee.

5.    Neither I, nor any other partner, counsel or associate of Pierce Atwood, as far as I have been able to ascertain, has any other connection with the Trustee, the Debtor or creditors of the estate, or any other parties in interest herein, or their respective attorneys. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstance relating thereto. I am and each member of my firm is a "disinterested person" as that term is defined in 11 U.S.C. section 101(14).

6.    Subject to this Court's approval, in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable from time to time, the MLBR, and such other procedures as may be fixed by order of this Court, Pierce Atwood will seek compensation on an hourly basis, plus reimbursement of its actual and necessary expenses incurred in connection with performing services for and on behalf of the Trustee. Subject to the Court's approval, Pierce Atwood will bill for legal services in accordance with its ordinary and customary rates in effect on the date services are rendered, which rates Pierce Atwood believes are reasonable. Pierce Atwood's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

7.    It is Pierce Atwood's policy to charge its clients in all areas of practice for expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, telephone and facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, computerized research, and transcription costs.

#19676430v1

8.      No agreement or understanding exists between me, Pierce Atwood and any other person for the sharing of compensation to be received in connection with this case. I have reviewed the provisions of MLBR 2016-1.

Signed under the pains and penalties of perjury this 15ʰ day of June 2026.

/s/  Alex F. Mattera
Alex F. Mattera

#19676430v1