UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>GOPLAY, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 26-11209-CJP |

**MOTION OF DONALD R. LASSMAN, CHAPTER 7 TRUSTEE, TO COMPROMISE CONTROVERSY PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Donald R. Lassman, the duly appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of GoPlay, LLC (the "Debtor"), hereby moves the Honorable Court, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order authorizing the Trustee to compromise certain claims and defenses by and between the Trustee and WETRAVEL, INC. ("WETRAVEL" and, collectively with the Trustee, the "Parties" and each, a "Party"). In support of this Motion, the Trustee represents as follows:

## Factual Background

1. On May 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division).

2. By order of the Court dated May 26, 2026, the Trustee was appointed as chapter 7 trustee in the Debtor's bankruptcy case and continues to serve in that capacity.

3. Prior to the Petition Date, WETRAVEL filed suit against the Debtor in the Massachusetts Superior Court (the "Superior Court") for losses allegedly suffered in connection with the Debtor's cessation of business. WETRAVEL also sought and obtained an order granting

trustee process attachments (the “Trustee Process Attachments”) of funds held on account of the Debtor with Bank of America, N.A. (“BoA”), and Rockland Trust (“Rockland”). BoA answered that it is currently holding funds in the amount of $405.67. Rockland answered that it is currently holding funds in the amount of $27,133.13. Funds held on account of the Debtor pursuant to the Trustee Process Attachments total $27,538.80 (the “Attached Funds”).

4. Given the Petition Date of May 26, 2026, the Trustee Process Attachments were obtained within the 90-day period prior to the Petition Date, and thereby constitute avoidable preferential transfers pursuant to section 547 of the Bankruptcy Code.

5. By Notice dated May 26, 2026, the Court established a general deadline of August 4, 2026, for the filing of proofs of claim against the Debtor’s estate (the “Bar Date”). The Bar Date has now passed.

6. On July 31, 2026, WETRAVEL filed a proof of claim (Claim No. 60) asserting a claim against the Debtor’s estate totaling $1,300,000 (the “Claim”). WETRAVEL alleges that the Claim is premised, *inter alia*, upon customer chargebacks and disputed credit card charges in the actual amount of $937,519.92 as of July 26, 2026. In addition, WETRAVEL asserts further claims which have not yet been determined due to future chargebacks. WETRAVEL alleges that the Claim was secured by collateral consisting of the Attached Funds in the amount of $27,518.80.

7. The Parties subsequently engaged in negotiations to resolve their dispute with respect to WETRAVEL’s Claim and the Trustee Process Attachments. After settlement discussions, the Parties now desire to settle this dispute and to avoid the additional time, expense and uncertainty of further negotiations and litigation. The Parties have entered into a written agreement (the “Stipulation”), a copy of which is attached hereto as *Exhibit A*.

Case 26-11209 Doc 41 Filed 11/17/26 Entered 11/17/26 10:35:32 Desc Motion Page 3 of 5

## The Proposed Compromise

8. Pursuant to the terms of the Stipulation:

   a. WETRAVEL waives and releases any lien against the Attached Funds;

   b. WETRAVEL consents to the release of the Attached Funds to the Trustee; and

   c. WETRAVEL shall have an allowed, nonpriority, general unsecured claim in the amount of $972,000.00.

## The Stipulation is in the Best Interests of the Estate

9. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indentured trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a). The primary purpose of a compromise or settlement is to avoid the necessity of determining sharply contested and dubious issues. *See, e.g.*, *Wil-Rud Corp. v. Lynch (In re California Associated Prods. Co.)*, 183 F.2d 946, 949 (9th Cir. 1950). The policy of the law generally is to encourage settlement. *See Florida Trailer & Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

10. Courts traditionally defer to the trustee or debtor-in-possession when examining the reasonableness of a settlement. *See, e.g.*, *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972) ("The responsibility of the bankruptcy judge ... is not to decide the numerous questions of law and fact raised ... but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"); *In re Media Cent., Inc.*, 190 B.R. 316 (E.D. Tenn. 1994) (court presumed trustee had subjected settlement to his independent review and analysis where trustee recommended approval of proposed compromise and settlement); *see also*

9 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed.1993) (to minimize litigation and expedite the administration of a bankruptcy estate, "[c]ompromises are favored in bankruptcy.").

11. Courts have recognized four criteria that a bankruptcy court should consider in striking the balance between "the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal … (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *See, e.g.*, *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

12. Consideration of these factors clearly supports approval of the Stipulation. The Trustee has negotiated an agreement through which the Attached Funds shall be released in full to the estate, unencumbered by the significant claims of WETRAVEL. Moreover, the Trustee has reached an agreement to allow the WETRAVEL claim in a specific amount without the needless expense, delay, and uncertainty of litigation.

13. Accordingly, by way of the Stipulation negotiated by the Parties, the estate will be able to meaningfully benefit and provide a distribution to unsecured creditors with allowed claims. The Trustee has demonstrated that the settlement benefits the estate in that it will provide funds for distribution to creditors. Thus, the Trustee has exercised his sound business judgment to enter into the Stipulation.

WHEREFORE, for all of the foregoing reasons, the Trustee requests that the Court enter and order: (i) allowing the Motion; (ii) authorizing the compromise set forth in the Stipulation; and (iii) granting such other and further relief as just and necessary.

Respectfully submitted,

DONALD R. LASSMAN,
Chapter 7 Trustee of the estate of
GOPLAY, LLC,

By his attorneys,

/s/ Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Pierce Atwood LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
Telephone: (617) 488-8112
Email: amattera@pierceatwood.com

Dated: November 13, 2026



#20055364v1

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>GOPLAY, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 26-11209-CJP |

**STIPULATION**

This stipulation (the "Stipulation") is entered into this 13th day of November 2026 by and between Donald R. Lassman, the duly appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of GoPlay, LLC (the "Debtor"), and WETRAVEL, INC. ("WETRAVEL" and, collectively with the Trustee, the "Parties" and each, a "Party"). The Stipulation resolves outstanding issues between the Parties in connection with certain prepetition transfers and claims asserted by either Party. The Parties stipulate and agree as follows:

WHEREAS, on May 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division);

WHEREAS, by order of the Court dated May 26, 2026, the Trustee was appointed as chapter 7 trustee in the Debtor's bankruptcy case and continues to serve in that capacity;

WHEREAS, prior to the Petition Date, WETRAVEL filed suit against the Debtor in the Massachusetts Superior Court (the "Superior Court") for losses allegedly suffered in connection with the Debtor's cessation of business;

WHEREAS, WETRAVEL also sought and obtained an order granting trustee process attachments (the "Trustee Process Attachments") of funds held on account of the Debtor with Bank of America, N.A. ("BoA"), and Rockland Trust ("Rockland");

WHEREAS, BoA answered that it is currently holding funds in the amount of $405.67;

WHEREAS, Rockland answered that it is currently holding funds in the amount of $27,133.13;

WHEREAS, funds held on account of the Debtor pursuant to the Trustee Process Attachments total $27,538.80 (the "Attached Funds");

WHEREAS, given the Petition Date of May 26, 2026, the Trustee Process Attachments were obtained within the 90-day period prior to the Petition Date, and thereby constitute avoidable preferential transfers pursuant to section 547 of the Bankruptcy Code;

WHEREAS, by Notice dated May 26, 2026, the Court established a general deadline of August 4, 2026, for the filing of proofs of claim against the Debtor's estate (the "Bar Date");

WHEREAS, the Bar Date has now passed;

WHEREAS, on July 31, 2026, WETRAVEL filed a proof of claim (Claim No. 60) asserting a claim against the Debtor's estate totaling $1,300,000 (the "Claim");

WHEREAS, WETRAVEL alleges that the Claim is premised, *inter alia*, upon customer chargebacks and disputed credit card charges in the actual amount of $937,519.92 as of July 26, 2026;

WHEREAS, WETRAVEL alleges that the Claim was secured by collateral consisting of the Attached Funds in the amount of $27,518.80;

WHEREAS, the Parties subsequently engaged in negotiations to resolve their dispute with respect to WETRAVEL's Claim and the Trustee Process Attachments; and

WHEREAS, after settlement discussions, the Parties now desire to settle this dispute and to avoid the additional time, expense and uncertainty of further negotiations and litigation.

NOW THEREFORE, the Parties hereby agree and stipulate as follows:

1. The "Effective Date" of this Stipulation shall be the date 15 days following the entry of any final order approving this Stipulation.

2. WETRAVEL waives and releases any lien against the Attached Funds.

3. WETRAVEL consents to the release of the Attached Funds to the Trustee.

4. The Parties shall be authorized, empowered and directed to enter into, and to perform their obligations under, the Stipulation and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of this Stipulation.

5. WETRAVEL shall have an allowed, nonpriority, general unsecured claim in the amount of $972,000.00 (the "WETRAVEL Unsecured Claim").

6. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter. This Stipulation is entered into for the purposes of resolving a disputed matter only and does not constitute an admission or inference of any kind or nature by either Party.

7. Subject to the final approval of this Stipulation by the Bankruptcy Court, this Stipulation shall be binding upon and inure to the benefit of the Parties, and their agents, servants, attorneys, administrators, successors and their heirs and assigns.

8. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an

instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

9. This Stipulation may be executed in duplicate counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by electronic means or by facsimile.

10. This Stipulation shall have no force or effect unless and until it is approved by the Bankruptcy Court.

11. Each of the undersigned represents and warrants that he or she is a duly-authorized representative of the Party for which the signature is provided, that such person signing is specifically authorized to sign this Stipulation, and that said signature, which is made under legal seal, shall lawfully bind said party, subject only to Bankruptcy Court approval in the case of the Trustee.

DONALD R. LASSMAN,
Chapter 7 Trustee of the estate of
GOPLAY, LLC,

By his attorneys,

/s/ *Alex F. Mattera*
Alex F. Mattera, BBO No. 641760
Pierce Atwood LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
Telephone: (617) 488-8112
Email: amattera@pierceatwood.com

WETRAVEL, INC.,

By its attorneys,

/s/ *Rion M. Vaughan*
Rion M. Vaughan, BBO No. 689153
Rubin Rudman
53 State Street
Boston, MA 02109
Telephone: (617) 330-7000
Email: rvaughan@rubinrudman.com

Dated: November 13, 2026

#20055328v3